In re NORTHAMPTON PORTLAND CEMENT CO.

(District Court, E. D. Pennsylvania.   May 28, 1910.)

No. 3,739.

BANKRUPTCY (§ 61*)—ACTS OF BANKRUPTCY—INABILITY TO PAY DEBTS—ADMISSIONS BY DEBTOR.

Where a bankrupt admitted its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, it was subject to adjudication over the objection of creditors, though it was not insolvent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 61.*]

In Bankruptcy.   In the matter of the Northampton Portland Cement Company.   On motion to enter adjudication.   Granted.

W. A. Rex Schultze and Sidney E. Smith, for petitioning creditors.
Charles S. Yawger, for objecting creditor.

J. B. McPHERSON, District Judge.   This is a creditors' petition, which sets up an admission in writing of the debtor's inability to pay its debts and its willingness to be adjudged bankrupt on that ground. A creditor was permitted to intervene and to file an answer opposing adjudication.   The ground of opposition is as follows:

"Upon information and belief, he denies that the said alleged bankrupt, Northampton Portland Cement Company, was on the 20th day of April, 1910, or at any time since said date, insolvent, within the meaning of the bankruptcy law, and he alleges that the said Northampton Portland Cement Company is possessed of a large plant, consisting of real and personal property, situated at Stockertown, in the state of Pennsylvania, with which plant it is engaged in the business of manufacturing and selling Portland cement, and that the said alleged bankrupt is not unable to pay its debts, and is not insolvent, and was not insolvent at the time the petition herein was filed against it."

---

The present motion is made upon the grounds (1) that the answer is too vague and indefinite to call for further inquiry; and (2) that, even if it were amended so as to set out in detail sufficient facts to require investigation in a proper case, an inquiry in this case would be superfluous—the reason being that insolvency is not essential when the act of bankruptcy is an admission of inability to pay debts and a willingness to be adjudged bankrupt on that ground.

It is unnecessary to pass upon the first of these reasons, since in my opinion the second must be sustained. The Supreme Court has decided in West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, that:

"As a deed of general assignment for the benefit of creditors is made by the bankruptcy act alone sufficient to justify an adjudication in involuntary bankruptcy against the debtor making such deed, without reference to his solvency at the time of the filing of the petition, the denial of insolvency by way of defense to a petition based upon the making of a deed of general assignment is not warranted by the bankruptcy law."

The reasoning of the court in support of this ruling applies with equal force when the petition is based upon the bankrupt's admission that he cannot pay his debts and is willing to be adjudicated upon that ground. Upon the authority of the foregoing case the pending motion must be granted.

The clerk is directed to enter the adjudication.