### In re BEN L. BERWALD SHOE CO.

(District Court, N. D. Texas, at Dallas. September 12, 1924.)

No. 2064.

**Bankruptcy ⊂⇒252—Trustee with approval of court has power to compromise claims.**

Under Bankruptcy Act, § 27 (Comp. St. § 9611), the trustee of a corporation bankrupt, with the approval of the court and of the majority of the creditors in number and amount, has power to accept a compromise offered by stockholders, against whom liability is asserted, by turning over to them the assets of the corporation on payment by them of all priority claims and a stated percentage of all claims of general creditors.

In Bankruptcy. In the Matter of the Ben L. Berwald Shoe Company, bankrupt. On review of order of referee. Affirmed.

Burgess, Owsley, Story & Stewart, of Dallas, Tex., for minority creditors.

Fred J. Dudley, of Dallas, Tex., for trustee.

ATWELL, District Judge. The bankrupt has 66 unsecured creditors, the aggregate of whose claims is approximately $43,833.-81. The visible assets would have netted probably 20 per cent. to the creditors. The bankrupt is a corporation, with $10,000

capital. The trustee claimed that all of the stock was owned and the corporation officered by Berwald and two associates; that they had not paid for the stock; that Berwald had become surety upon certain indebtedness of the corporation which had been paid within the preferential period. These claims, asserted by the trustee, occasioned Berwald some anxiety, and he made an offer to settle by taking over the property of the corporation and paying 55 cents to unsecured creditors and all priorities.

This offer in compromise was submitted to the creditors, and 62 of the 66 recommended and approved the compromise; the amount of the claims of the approving 62 was approximately $40,000. Four of the creditors objected to the compromise. The aggregate of their claims was $3,833.81. The compromise was accepted. The money has been paid to the trustee, and is now ready for distribution to the creditors. The 4 objecting creditors have filed a suit in the state court to collect the amount of their claims in full from the officers and directors of the corporation individually. This suit has been stayed by the state judge until the decision of the referee, approving the compromise, shall have been reviewed by this court.

The accepting creditors, with the approval of the court, compromised, settled, and released all of the liability that existed in their favor against the bankrupt, "its officers and directors, both as officers and individuals, from every obligation whatsoever that may have heretofore existed in favor of us or each of us, and hereby waive compromise and settle each and every claim, obligation, right, or cause of action that might exist in favor of us or each of us against said bankrupt corporation, Ben L. Berwald, as an officer of such corporation and individually, Julius Berwald, as an officer of such corporation and individually, and Max Hermer, as an officer of such corporation and individually."

The four creditors who are objecting assert that the referee had no jurisdiction "over the person or property of Julius Berwald, the gentleman offering the compromise. Said Berwald is not a party to the bankruptcy proceeding and never has been made a party"; that the proposed settlement of 55 cents is not for the best interests of the estate; that the charter of the bankrupt corporation was not paid for in cash; that the individual stockholders are liable for the debts; that Julius Berwald gave a general guaranty agreement to a

bank to be personally responsible as indorser for notes executed by the corporation to the bank, and that such notes were paid within four months of bankruptcy; that the Berwald Bros. have had diverse and sundry bills of goods shipped to them within the four months period; that the bankrupt is in truth a copartnership, because "the principal amount of stock in said corporation was owned and controlled by Berwald Bros.," which "was done solely for the purpose of escaping personal liability; that the stockholders in the bankrupt corporation are personally financially responsible and are good under execution."

The following questions are asked of this court:

(1) "In case the petitioners are permitted to prosecute their suit in the state courts, shall the trustee be directed to pay the creditors the sums they have agreed to accept in full settlement of their claims, and to pay the pro rata available for the petitioners in the hands of the trustee into the registry of the court having charge of the litigation, and close the case, so far as the bankruptcy court is concerned?"

(2) "If the order of the referee should be upheld, and the stay against proceedings in the state court made permanent, and such order of the honorable District Court be appealed from, then shall the referee direct the trustee, to pay over to the creditors consenting to the compromise the sums of money to which they are entitled, and hold back the pro rata to which the nonconsenting creditors would be entitled?"

It does not seem to me that the bankruptcy court is interested in the state court suit. If the four creditors wish to sue the individuals who owned the stock of the bankrupt in the state court, they certainly have that right. Whether they will be successful is quite another question. The bankruptcy court had jurisdiction of the estate of the bankrupt. It took hold of that estate, and proceeded to administer it in accordance with the statutes relating to such matters. The judgments and decrees following, and during such administration, will be respected and enforced in the state court, the same as in the federal court. It is not a question that requires an injunction or a stay order, because there is no effort to interfere in any way with the possession or administration of the bankruptcy court.

The trustee, 62 creditors out of the 66 creditors, and the referee, after due notice, in accordance with the statute, had a right

to accept and make the settlement and compromise that was offered by Berwald. It was the compromise and settlement of a controversy arising in the administration of the estate. The objections and criticisms made in the petition of the 4 creditors do not seem to be well considered. The right to settle with Berwald did not rest upon the fact that he was or was not the bankrupt. The law does not confine compromises by the trustee to such cases or claims as the bankrupt may owe. Authority is given to settle by compromise the controversies that may bear upon an estate that is being administered, whether such claim would take from the estate something which might go to the creditors, or whether it would add something to the estate that might come to the creditors. In the instant case the trustee asserted certain rights of recovery against Berwald, and Berwald feared that the trustee might be correct, and he and his associates offered a compromise to settle any such liability. Certainly it was within the right of that arm of this court to do so.

Section 27 of the Bankruptcy Act (Comp. St. § 9611) gives unlimited authority in this direction: "The trustee may, with the approval of the court, compromise any controversy arising in the administration of the estate upon such terms as he may deem for the best interests of the estate."

This power to compromise is so conducive to a quick harvest and fruiting and settlement of bankrupt estates that, even though an offered compromise might seem slightly less than what could be recovered by litigation, still the officers would be justified in accepting, if they thought that the uncertainty and cost of litigation should enter into their conclusion. In re Baxter (C. C. A.) 269 Fed. 344; Id., 256 U. S. 694, 41 Sup. Ct. 535, 65 L. Ed. 1175; In re Kranich (D. C.) 174 Fed. 908, and the late Case of Stuart et al. (C. C. A.) 272 Fed. 938.

Of course, a compromise will not be confused with a composition, nor can the machinery for compromises be resorted to where the matter in controversy is the right to a discharge, nor would there be permitted any recommendation or agreement by creditors which would seek to save the bankrupt, or any of its guilty minions, from deserved criminal punishment. It is merely intended to supply a summary and inexpensive way of settling questions arising in the administration of bankrupt estates. It is most often used in connection with contests on claims filed against the estate, or the contested collection of claims due the estate. Any controversy arising in the administration of the estate may be compromised. In re Northampton Cement Co. (D. C.) 179 Fed. 726; In re Goldman Brothers (D. C.) 241 Fed. 385. A minority of the creditors in both number and amount should not be permitted to stand in the way of the judgment and opinion of a majority of the creditors in both number and amount.

What has been said answers the questions of the referee, save with respect to the payment of the funds and the closing of the estate, and with reference to that it is ordered that the funds be distributed to all creditors at once, in accordance with the rules and statute, and the case closed.