UNITED STATES v. LORENZ. SAME v. MURRISH. SAME v. COLA.

(District Court, D. Montana. February 26, 1927.)

Nos. 1612, 1620, 1645.

1. Criminal law ⟨⟩395—Internal revenue ⟨⟩42—Premises in which is a still are open to search by internal revenue officers without warrant, and contraband so found and seized is admissible in evidence.

Premises of the distiller of alcoholic liquor are always open to federal inspection and supervision, and agents having authority as internal revenue officers, directed by the odor of fermenting mash to a building, in which is a still, have authority to enter without a warrant, though the building may be occupied as a dwelling, and contraband property found and seized therein is admissible in evidence.

2. Intoxicating liquors ⟨⟩249—Disclaimer of ownership of liquors is waiver of right to complain of unlawful search and seizure.

One who disclaims ownership of liquors seized without search warrant thereby waives his right to complain of unlawful search and seizure.

Criminal prosecutions by the United States against John Lorenz, against Sam Murrish, and against Julio Cola. Judgments of conviction, and defendants move for new trial. Motions denied.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

Emigh & Bourquin, of Butte, Mont., for defendants Lorenz and Murrish.

Dan T. Malloy, of Butte, Mont., for defendant Cola.

BOURQUIN, District Judge. These are motions for new trials. The defendants were convicted and sentenced for violations of the Prohibition Act (Comp. St. § 10138¼ et seq.). They moved to suppress evidence and objected to its introduction, on the ground that it had been obtained by unlawful search and seizure, contrary to their rights secured by the federal Constitution.

In Lorenz's Case, the evidence is that a prohibition agent and police, on information and without warrants, approached certain premises ostensibly fitted as a dwelling house; that the odor of mash and intoxicating liquor was strongly apparent; that, as one of the police neared an open back door, Lorenz appeared in it; that the officer said to him, "I hear you have a still here," to which Lorenz responded, "It's down in the basement;" that thereupon the officers entered the basement, and found a still set up and warm from operation, a large amount of fermenting mash, and 60 gallons of whisky. Lorenz testified he was in bed when the officers entered; but, if any conflict in the evidence, the verdict resolved it in favor of the prosecution.

In Cola's Case, the evidence is that a prohibition agent, charged with the duty of an internal revenue officer to estimate taxes upon the manufacture of intoxicating liquors, and police, on information and without warrants, approached certain premises in which defendant and his wife had resided at least until five days prior thereto; that as they neared the premises the odor of mash was strong; that no one was in the house, the furnishings of which were in disorder, indicating removal; that a neighbor told the officers no one lived in the house; that the federal officer entered through a window, descended to the cellar, followed a tunnel 30 feet, and in an underground room beneath a garage found a still set up, mash, wine, and beer; that while the officers were there the defendant return-

ed, having been absent some five days, perhaps to lease a ranch.

In Murrish's Case, the evidence is that on information and without warrants the officers approached premises odoriferous of mash and whisky; that defendant was in the dwelling house, and denied having a key or ownership of a garage within the curtilage, and to which the odors unmistakably pointed; that thereupon the officers broke into the garage, and beneath it was a room in which was a still in operation, mash, and whisky.

In all these cases, crimes of the grade of felony were in commission; that is, violations of the internal revenue laws. The officers were apprised of the fact, and also by the characteristic and unmistakable odor, which is information superior to that derived from any other of the senses. A cry for help emanating from a dwelling, or acts of aggression through a window seen, may be pretense, whereas the odor of "the old familiar juice," of alcoholic distillation, is of crime "proof strong as holy writ." The latter, even as the former, justifies to break and enter without warrant.

Hence these officers had duty to perform: (1) To suppress continuation of the crimes; and (2) to gauge, estimate taxes due, confiscate, and suppress. This duty last aforesaid attends the officer always, and, whether or not always performed, affords a warrant of action which cannot be defeated by any court's characterization of afterthought, makeweight, pretense, etc., to that end.

To break and enter any premises for any and all the duties and purposes aforesaid are lawful by common law and statutes, since the Constitution, as before it, in that they and consequent search and seizure are not unreasonable. A dwelling house affords no sanctuary to crime, no exemption from taxes, no refuge for criminals and their activities, known to be within. The premises of the distiller of alcoholic liquors are always open to federal inspection and supervision, and officers, denied entrance, may take the place by storm. Section 3276, R. S. (Comp. St. § 6016). Distillers, licit or illicit, consent thereto by contract, express or implied. See U. S. v. Apple (D. C.) 1 F.(2d) 494.

[1] The probable cause or knowledge, upon which the officer may lawfully act, may be received through any of his senses. That of smell, regaled by the odor of fermentation and distillation, is the most reliable of all, and suffices. See Miller v. U. S. (C. C. A.) 9 F. (2d) 383; Koth v U. S. (C. C. A.) 16 F. (2d) 61. Defendants cite Temperani v. U.

S. (C. C. A.) 299 F. 368; Bell v. U. S. (C. C. A.) 9 F.(2d) 820; Schroeder v. U. S. (C. C. A.) 14 F.(2d) 500, to the contrary. All the foregoing are by the appellate tribunal of this circuit. In them are regrettable inconsistencies, perhaps due to unusual changes in the personnel of the court. It is worthy of note that the Miller Case ignores Temperani's Case, and Bell's and Schroeder's Cases ignore Miller's, and in Miller's Case rehearing was denied one month subsequent to Bell's Case. These cases are "all fours," and their obvious conflict cannot be denied.

Koth's Case, latest of all, resubscribes to the principle that knowledge of crime in the officer's presence may be secured by the sense of smell, and justifies action, and to this point it cites the court's earlier Vaught's Case (C. C. A.) 7 F.(2d) 370, though it ignores, not only Miller's Case, but Bell's and Schroeder's likewise. In Judge Gilbert's dissenting opinions in the Temperani, Bell, and Schroeder Cases will be found unanswered and unanswerable logic and law in support of the principle, and citation of many other cases.

So far as the trial court is concerned, it can only conclude that for the time being the appellate tribunal's latest expression in Koth's Case is the law, and follow it, leaving to that court the task of reconciliation. The hope is indulged that, in the diverse decisions, the unregenerate will not assume to discover any judicial predilection for aught but principle.

Adverting to Lorenz's Case, in addition to the knowledge secured by information and sense of smell, the officers were by him told that the still was in the basement; that is to say, defendant avowed that then and there he possessed contraband articles—that he was engaged in the commission of a continuing crime and felony. If it were a case of information of a murder, a trail of blood to the basement, and admission that therein was the dead body, no one, not even a court, would deny the sufficiency of the knowledge to justify breaking, entering, searching, and seizing. In principle that is this case. In addition, is the internal revenue officer's duty and right, as aforesaid.

In Cola's Case is a like situation, save that the premises presented an appearance of abandonment as a domicile, and in lieu of defendant's admission is information that no one lived there.

[2] In Murrish's Case, his disclaimer of ownership is a waiver of any right to complain, after entry and seizure made.

The motions for new trials are denied.