## UNITED STATES v. BORKOWSKI et al.

(District Court, S. D. Ohio, W. D. May 24, 1920.)

1. **Searches and seizures** ⬦⟹3—**Magistrate must find probable cause before issuing search warrant.**

   Under the Fourth Amendment, a federal search warrant may be issued only on an application on oath showing probable cause and particularly describing the place to be searched and the things to be seized, and whether facts are shown sufficient to constitute probable cause must be determined by the magistrate, who is not authorized to issue a warrant pro forma merely because an affidavit is filed.

2. **Searches and seizures** ⬦⟹3—**Must be in strict compliance with statute.**

   In obtaining and in proceeding under search warrants, there must be strict compliance with whatever formalities are required by statute.

3. **Searches and seizures** ⬦⟹3—**Description in warrant of place to be searched.**

   The description of the place to be searched in a search warrant is sufficient, if such as to enable the officer to whom the warrant is issued to locate the same with certainty, as by street number; but a misdescription as to ownership will render the warrant void.

4. **Searches and seizures** ⬦⟹3—**"John Doe" warrants to be avoided.**

   Where the name of the accused person is known, it must be stated in the affidavit and search warrant, and if not known that fact should be stated; but where it can reasonably be done "John Doe" warrants are to be avoided.

---

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Searches and seizures ☞3—If made at night, authority should appear in warrant.**

So far as reasonably practicable, searches should be executed in the daytime, and if to be made at night the authority for so doing should appear in the warrant.

**6. Intoxicating liquors ☞247—Officer smelling commission of crime may search and arrest.**

Where prohibition agents smelled raisins cooking in a nearby house, which through their experience told them that a crime was being committed, their entry and search of the house, the arrest of defendants found there conducting an illicit still, and seizure of the apparatus used *held* within their authority.

Criminal prosecution by the United States against Felix Borkowski and John Lucas. On application for return of property seized. Denied.

James R. Clark, U. S. Dist. Atty., and R. T. Dickerson, Asst. U. S. Dist. Atty., both of Cincinnati, Ohio.

Murphy, Elliff & Leen, of Dayton, Ohio, for defendants.

SATER, District Judge. [1] This case is one of several, in which application was made, prior to entering upon trial, for the return of property seized without a search warrant, or on the alleged ground that the warrant on which the officers acted in making the seizure and the affidavit on which such warrant was based were insufficient. It is appropriate that in deciding this case I should, on account of the rather unusual situation existing here, say something that may operate as a guide in the future on the subject of search warrants. The government's officers and those whom they called to their assistance cannot be said to have been wanting in diligence in performing their work. I am satisfied that the officers have acted according to the light that is within them, and yet the procedure in the filing of affidavits and the issuing of warrants has been so unfortunate that no one connected therewith will desire its continuance. From direct inquiry I have learned that the government's officers were either not instructed at all or imperfectly instructed as to their rights and power. Their want of instruction as to legal requirements makes their action appear amateurish.

The Fourth Amendment to the federal Constitution provides that the right of the people to be secure in their persons, houses, papers, and effects against unreasonable search and seizure shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or things to be seized. The provision of the Fifth Amendment, that no person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law, will not be considered in what is to be said.

The language of the Fourth Amendment is substantially adopted in the several states. Their statutes may vary in minor particulars, but in the main are similar. Original section 1014, Rev. St. U. S. (Comp. St. § 1674), was adopted as early as 1789. It provides that, for any crime or offense against the United States, the offender may,

by any justice or judge of the United States, or by any commissioner of a Circuit [District] Court to take bail, or by any chancellor, judge of the Supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense, etc. The use of the language "agreeably to the usual mode of process against offenders in such state" is to be noted. Proceedings for holding an accused person to answer to a criminal charge are assimilated to those under the laws of the state in which the proceedings take place, and all the regulations and steps incident to the proceeding before a United States commissioner, from its commencement to its close, are guided by the state laws, so far as they may be applicable to the federal courts, if no rule upon the same subject has been prescribed by the federal statutes. U. S. v. Sauer (D. C.) 73 Fed. 671. To section 10, Byrne on Fed. Cr. Proc., are cited some of the cases which make it clear how a search warrant should be obtained and what the prerequisites are. The form of affidavit and search warrant found in Swan's Treatise (21st Ed.) pp. 933, 934, Loveland's Forms, Fed. Prac. vol. 1, pp. 1088, 1089, and the form shown in Kercheval v. Allen, 220 Fed. 262, 265, 135 C. C. A. 1, decided by the Eighth Circuit Court of Appeals, are safe guides for procedure in both state and federal courts.

[2] The rule is that there must be compliance with whatever formalities are required by statute. 19 Ency. Pl. & Pr. 327; 25 Am. & Eng. Ency. Law, 147. On this point it is said in Archbold's Crim. Pr. & Pr. (8th Ed.) 131:

"The proceedings upon search warrants should be strictly legal, for there is not a description of process known to the law, the execution of which is more distressing to the citizen. Perhaps there is none which excites such intense feeling in consequence of its humiliating and degrading effects."

A search warrant may issue only upon probable cause, supported by oath or affirmation. The question of probable cause must be submitted to the committing magistrate, so that he may exercise his judgment as to the sufficiency of the ground for believing the accused person guilty. 25 Am. & Eng. Ency. Law, 147 et seq. The United States commissioner, or other officer with whom an affidavit is filed, may not, simply because such affidavit is presented, issue a warrant. The affidavit must itself be sufficient, must state facts which justify the issuance of a warrant and the commissioner or such other officer is required by law to satisfy himself of the sufficiency of the affidavit and that the circumstances call for the issuance of a warrant. Note, for instance, the language of the Ripper Case, 178 Fed. 24, 26, 101 C. C. A. 152, decided by the Eighth Circuit Court of Appeals, in which it is said that the oath in writing (affidavit) should state the facts from which the officer issuing the warrant may determine the existence of probable cause, or there should be a hearing by him with that purpose in view.

The immunity granted by the Constitution should not be lightly set aside by a mere general declaration of a nonjudicial officer that he has reason to believe and does believe, etc. The undisclosed reason may fall far short of probable cause. See, also, U. S. v. Tureaud (C. C.) 20 Fed. 621.

[3] In describing the place to be searched, it is sufficient if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the exact legal description to be given, such as ordinarily appears in deeds of record in the county recorder's office. The description may be such as is known to the people and used in the locality in question, and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used. In 19 Ency. of Pl. & Pr. 329, it is said that a designation which identifies with reasonable certainty the place or places to be searched is sufficient, as by describing the house as of a certain number on a certain street and as occupied and owned by the named person; but the description as to ownership must be such as to identify certainly the place to be searched, and a misdescription in this regard will render the warrant void. In the notes to the text are cited cases indicating to what extent the description of the place should coincide with that found in a deed for the conveyance of land. The text of 35 Cyc. 1266, and the cases cited to the point of particularity in description, will be found instructive, some of which are Smith v. McDuffee, 72 Or. 276, 283, 142 Pac. 558, 143 Pac. 929, Ann. Cas. 1916D, 947; Rose v. State, 171 Ind. 662, 668, 87 N. E. 103, 17 Ann. Cas. 228; McSherry v. Heimer, 132 Minn. 260, 261, 262, 156 N. W. 130; Metcalf v. Weed, 66 N. H. 176, 177, 19 Atl. 1091.

[4, 5] Where the name of the accused person is known, it should be stated in the affidavit and search warrant. Indeed, it is said in 3 Cyc. 930, that an affidavit which fails to name in its body a known defendant is insufficient. Frequently the name of the party is not known. In that case the rule stated in Dougherty v. Gilbert, Tappan, 39, may be followed; it being there said that a warrant may be legal, although the name of the person charged is not inserted in it, provided he be properly described and it be stated that his name is unknown. Where it can reasonably be done, "John Doe warrants" are to be avoided. U. S. v. Doe (D. C.) 127 Fed. 982; West v. Cabell, 153 U. S. 78, 85, 86, 14 Sup. Ct. 752, 38 L. Ed. 643; Weaver v. Ficke, 174 Ky. 432, 192 S. W. 515. It is also advisable that as far as is reasonably practicable, at least, searches should be executed in the daytime. If a search is to be made at night, the authority for so doing should appear in the warrant. Act June 15, 1917, 40 Stat. 217 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j). Upon the subject of searches and seizures at night, see 220 Fed. 267, 268, 135 C. C. A. 1; 1 Archbold, Cr. Pr. & Pl., 129.

There are several federal statutes under which search warrants have from time to time been issued, as, for instance, under the customs law (section 3066, Rev. St. U. S. [Comp. St. § 5769]), and the internal revenue law (section 3462, Rev. St. U. S. [Comp. St. § 6364]). The federal statute of 1917, relating to search warrants which I find to be much the same as that of Alabama, is specifically referred to in the Volstead Act,

and reference should be made to it in cases brought under such last-named act.

[6] What has been said has some bearing on the Borkowski and Lucas Case, in consideration of which we are to keep in mind Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, and Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, decided January 26, 1920. We have this situation: A warrant had been issued for the search of a nearby house. While engaged in the search, the officers smelled raisins in the process of cooking somewhere. They saw a light in the cellar of a house, perhaps two or three doors away. Persons could be seen there moving around. The officers went to such a house and, entering the cellar, found a still in operation. They discovered the defendants in the commission of an act of a criminal character, a felony, and, having declared their purpose to search the premises, proceeded to do so. The evidence, although somewhat controverted, is that there was no objection made by either of the defendants to the search, and that one of them assented to its making; but the pending application may be decided without determining that question one way or the other. The fact is admitted that raisins were cooking on a stove in that cellar, that a still was in fact in operation, that raisin whisky and mash were found, and that the articles used in making the whisky and in the process of distillation were seized. Lucas admitted then and at his trial that he "was making a little whisky for Easter."

The rule, state and federal, is that officers may arrest those who break the peace or commit crimes in their presence. Bishop's New Crim. Proc. § 183; Byrne, Fed. Crim. Proc. § 10; Wolf v. State, 19 Ohio St. 248. Byrne states that officers may avert a criminal act in the process of commission before them, either by arresting the doer or seizing and retaining the instrument of the crime. See, also, Ross v. Leggett, 61 Mich. 445, 28 N. W. 695, 1 Am. St. Rep. 608, Ex parte Morrill (C. C.) 35 Fed. 261, Bad Elk v. U. S., 177 U. S. 530, 20 Sup. Ct. 729, 44 L. Ed. 874, and Kurtz v. Moffitt, 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458. If an officer may arrest when he actually sees the commission of a misdemeanor or a felony, why may he not do the same, if the sense of smell informs him that a crime is being committed? Sight is but one of the senses, and an officer may be so trained that the sense of smell is as unerring as the sense of sight. These officers have said that there is that in the odor of boiling raisins which through their experience told them that a crime in violation of the revenue law was in progress. That they were so skilled that they could thus detect through the sense of smell is not controverted. I see no reason why the power to arrest may not exist, if the act of commission appeals to the sense of smell as well as to that of sight.

The conclusion reached is that the officers properly arrested the defendants, and properly seized the utensils that were employed in the commission of the crime.