### In re MOBILE.

(District Court, E. D. Louisiana, New Orleans Division. February 3, 1922.)

#### No. 16854.

Intoxicating liquors ☞247, 255—Seizure of still found in illegal operation held not unlawful, and owner was not entitled to its return.

The seizure by a police officer of a still, which he saw through an open door being operated in the kitchen of a dwelling house, and which as voluntarily stated by the owner, who was then arrested, was being used in making liquor for sale, *held* not unlawful, and the owner *held* not entitled to its return.

On petition of Charles Mobile for return of certain property, in possession of the United States. Denied.

Theodore H. McGiehan, of New Orleans, La., for petitioner.
Louis H. Burns, U. S., Atty., of New Orleans, La.

FOSTER, District Judge. In this case it appears that a copper still, a quantity of mash and some alcohol were removed from the residence of Charles Mobile, No. 917 St. James street, in the city of New Orleans, and he has filed a petition praying for the return of his property, or that it be destroyed according to law, on the ground that his rights under the Fourth and Fifth Amendments to the Constitution were violated by its seizure. The object is, of course, to prevent the introduction of the still and other property in evidence against petitioner on the trial of a criminal information for violation of the National Prohibition Act (41 Stat. 305).

The undisputed facts are these: Kuepferle, a city detective, was assigned to arrest vendors of lottery tickets suspected of operating in the vicinity of petitioner's home. For several days he observed numbers of men entering the gate of the alleyway along the side of petitioner's house. At about 10:40 a. m. of the 6th of January, 1922, he entered the gate, which was not locked, and as he did so a dog barked. Thereupon the petitioner opened the door of his kitchen, and the officer, looking through the door from the alley, saw the still in full operation. The officer had no warrant to arrest petitioner for any offense, and no search warrant.

The petitioner voluntarily stated that he was a longshoreman, and had been hurt, and that he was out of work, and was making a little "booze," which he sold. The officer arrested petitioner and took charge of the still, mash, and liquor, and to this the petitioner made no objection whatever. The still and other property were taken to the police station. Prohibition officers of the United States were then notified by the police, and the property was turned over to them.

Under the provisions of the National Prohibition Act it is unlawful to manufacture or sell intoxicating liquor for beverage purposes. It is also made unlawful to possess any liquor or property designed for the manufacture of liquor intended for use in violating the provisions of the act. For the purpose of enforcing the law a search warrant may issue, on probable cause shown, to search any premises whatever. It is further provided, however, that no search warrant may issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house. It is elemental that probable cause must be shown by facts within the knowledge of the affiant, who must swear to them specifically, and no warrant should issue on allegations of mere belief.

Considering the provisions of the statute, it seems to me that under a proper construction of the act, applying thereto the rules of interpretation, the words "some business purpose" would include the manufacture of intoxicating liquor for sale. The words "store, shop, saloon, restaurant, hotel or boarding house" are illustrative, rather than exclusive. Therefore, notwithstanding the building in this case was a private residence, occupied as such, a search warrant could properly have issued on the testimony of Kuepferle. Warrants, sometimes designated search warrants, may be issued after property has been taken into possession by peace officers, for the purpose of seizing and holding the property; but no search warrant was required in this case. The petitioner was apprehended in the active participation of an offense denounced by the law. The violation of the law was disclosed voluntarily by him. He was present and acquiesced in the seizure and removal of his property. Under these circumstances, there was no violation of his constitutional rights.

The petition will be denied.