### VACHINA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922.)

No. 3722.

1. Intoxicating liquors ⊜⟹249—Liquor in plain sight may be seized without warrant.

Where a bottle and demijohn containing intoxicating liquor unlawfully in defendant's possession were in plain sight when officers entered a kitchen in the rear of his soft drink barroom, the seizure thereof was legal, whether or not they had a valid search warrant.

2. Searches and seizures ⊜⟹7—Constitutional provision to be construed in conformity with common law.

Const. Amend. 4, prohibiting unreasonable searches and seizures, is to be construed in conformity with the principles of the common law, under which officers may arrest those committing crimes in their presence, or avert a crime in the process of commission by arrest, and may without a search warrant seize the instruments of the crime.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

E. Vachina was convicted of a violation of the National Prohibition Act, and he brings error. Affirmed.

M. B. Moore, of Reno, Nev., for plaintiff in error.

Wm. Woodburn, U. S. Atty., and M. A. Diskin, Asst. U. S. Atty., both of Reno, Nev.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted of violation of the National Prohibition Act (41 Stat. 305). His contention is that the intoxicating liquor which was found at his place of business, and which was admitted in evidence against him, was obtained by means of a search warrant, and that the search warrant was void for want of a sufficient affidavit. The affidavit for the warrant was made by a prohibition enforcement agent. After describing the premises of the plaintiff in error, which were said to con-

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sist of a soft drink establishment known as the "Alpine Winery," the affiant deposed:

"That the facts, circumstances, and conditions of which affiant has knowledge, and as ascertained by affiant are as follows, to wit: Direct information by a certain citizen of Reno, whom affiant has known for many years, and whom he considers absolutely credible and reliable, but whose name cannot be stated in this affidavit, that on the 24th day of December, 1920, informant and a friend purchased alcoholic liquors from the proprietor of said Alpine Winery, said liquor being served and sold from the back room (kitchen) of said soft drink establishment. Said information was given affiant under oath."

[1] On the trial a bottle of brandy and a demijohn containing wine were admitted in evidence. The prohibition enforcement agents testified that the place of business of the plaintiff in error consisted of a soft drink barroom, adjoining which was a large dining room, in the rear of which was a kitchen. That on December 29, 1920, they entered the kitchen, and while one of them handed to the plaintiff in error a search warrant, the other discovered and took possession of a bottle and a demijohn, which were in plain sight on the floor beneath a table. There was proof that the bottle contained brandy and the demijohn contained wine, the alcoholic strength of which was more than 1 per cent., and that they were fit for beverage. We do not deem it necessary to enter into a discussion of the question whether or not the affidavit was sufficient to justify the issuance of a search warrant. While the officers on entering the premises which were the defendant's place of business had a search warrant, the intoxicating liquor which was seized was in plain sight, was unlawfully in the possession of the plaintiff in error, and his possession thereof constituted an offense in violation of the National Prohibition Act. Although one of the officers handed a search warrant to the plaintiff in error while the other simultaneously took possession of the liquor, the search warrant was unnecessary. The plaintiff in error was engaged in the actual commission of an offense denounced by the law, in that he had possession of intoxicating liquor in his place of business.

[2] The Fourth Amendment to the Constitution, which prohibits unreasonable searches and seizures, is to be construed in conformity with the principles of the common law. At common law officers may arrest those who commit crimes in their presence, and they may avert a crime in the process of commission in their presence, by arrest, and without a search warrant they may seize the instrument of the crime. Bishop, New Crim. Proc. § 183; Byrne, Federal Crim. Proc. § 10. The question which is here presented was before this court in Kathriner v. United States, 276 Fed. 808, where we held, under circumstances almost identical with those here disclosed, that liquor may be seized without a search warrant. Other similar rulings are found in United States v. Borkowski (D. C.) 268 Fed. 408; United States v. Camarota (D. C.) 278 Fed. 388; In re Mobile (D. C.) 278 Fed. 949; United States v. Snyder (D. C.) 278 Fed. 650.

The judgment is affirmed.