## MILLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 16, 1925. Rehearing Denied January 4, 1926.)

No. 4666.

**1. Arrest ⊜63(3), 71—Officers having visible evidence of crime authorized to arrest and search and seize without valid search warrant.**

Officers who, on approaching defendant's premises, smelled odor of fermenting mash, and through open basement door saw containers of raisins and sugar and a keg of wine, and on entering basement found several vats of fermenting grapes and kegs of wine, had visible evidence of commission of crime in their presence, and had authority to arrest defendants and seize the instruments of crime and other evidence regardless of sufficiency of search warrant.

**2. Criminal law ⊜1169(1)—Requiring defendant's counsel to identify signatures to petition for suppression of evidence held not prejudicial.**

In prosecution for liquor law violation permitting district attorney, in seeking to connect defendants with the offense, to offer in evidence their original petitions, praying for suppression of evidence, and to require their counsel, who had taken their verification, to state whether the signatures were theirs, *held* not prejudicial; such testimony of counsel being surplusage, the petitions being presumed to be theirs, and the matter to which counsel was required to testify not being a violation of professional confidence, or a violation of defendants' constitutional rights, protecting them from giving evidence against themselves.

In Error to the District Court of the United States for the Northern Division of

the Western District of Washington; Jeremiah Neterer, Judge.

Frank Miller and others were convicted of the unlawful possession of intoxicating liquors and the maintenance of a common nuisance, and they bring error. Affirmed.

Fred C. Brown, of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under an indictment, in three counts, which charged them with unlawful manufacture of intoxicating liquors, unlawful possession of intoxicating liquors, and the maintenance of a common nuisance by keeping and selling intoxicating liquors. According to the testimony they were single men and occupied a dwelling house, the basement of which was accessible from the story above, and also accessible through a door from the outside. Prohibition agents under a search warrant searched the premises and found thereon a large quantity of fermented and fermenting wine and other liquors. Upon the hearing of the petitions of each of the plaintiffs in error for the suppression of such evidence, the court below, while ruling that the affidavit on which the search warrant was issued was insufficient to support the same, held the evidence admissible on the ground that the prohibition officers had visible and other evidence of the presence of intoxcating liquors on the premises before the search and seizure were made, and visible evidence of the commission in their presence of an offense against the United States. Error is assigned to that ruling.

[1] The affidavit may be conceded to have been defective. The testimony, however, showed the following facts: When the prohibition agents approached the premises with the search warrant, they found the plaintiff in error Miller working in a little yard in front of the door to the basement. He had the basement door open. The agents could distinctly smell the odor from fermenting mash, and could see in the open basement several empty raisin boxes, raisins in boxes, and boxes without any raisins in, half a sack of sugar and a part of another sack of sugar, about 25 or 30 pounds, also a 10-gallon keg of wine in a burlap sack, with about 6 inches of the top of the keg showing. In the basement, when they entered, the officers found several vats with grapes fermenting in them, one 52-gallon barrel, three 5-gallon kegs, and one 10-gallon keg, all full of wine; the kegs being in burlap sacks, so that they could be readily carried, which, said the officers from their experience, was the usual way of carrying kegs containing intoxicating liquor. There could be no question but that the officers had the visible evidence of the commission of a crime in their presence, and they had authority, not only to arrest the person committing the offense, but to take into custodia legis the instruments of the crime and other articles which might fairly be introduced in evidence in proof of the commission thereof. Vachina v. United States (C. C. A.) 283 F. 35; McBride v. United States (C. C. A.) 284 F. 416; Lambert v. United States (C. C. A.) 282 F. 413; Agnello v. United States (C. C. A.) 290 F. 671.

[2] The plaintiffs in error Bronich and Thomas rely upon their objection to the introduction of certain testimony which their attorney was compelled to give on the trial. The point having been made by the defense that the said plaintiffs in error, who were not standing by when the officers entered the premises, were not shown to have been connected wih the offense charged, the district attorney, to prove their admissions, offered in evidence the original petitions which they had filed, praying for the suppression of evidence, and called upon their attorney then representing them in court, and before whom as a notary public the oaths to the petitions had been taken, to testify and say whether he had taken said oaths and whether the signatures of the affiants thereto were the signatures of Bronich and Thomas. The court overruled objection to the testimony. It is urged that, in effect, the court's ruling compelled said plaintiffs in error to give evidence against themselves, in violation of their constitutional rights. There is no basis for the contention. It was wholly superfluous to prove the signatures of the affiants to said petitions, inasmuch as their petitions were on file, and they had called upon the court to rule upon the matters therein presented. The presumption was that the petitions so filed and sworn to were their petitions, they having gone to trial without repudiating or rejecting the same. Nor can it be said that their attorney, in so testifying, was required to reveal matter that his clients had disclosed to him in confidence, or to testify in violation of their constitutional rights. Clearly he was in no position to refuse to testify to the genuineness of signatures to affidavits

sworn to before him in support of petitions to the court in the very case then on trial. To state the proposition is to answer it.

The judgment is affirmed.