## DOWLING v. COLLINS.*

(Circuit Court of Appeals, Sixth Circuit. January 6, 1926.)

No. 4428.

1. Criminal law ⚖═►1023(3)—Order denying return of goods is no less final because, as relates to suppression of evidence, it may be interlocutory.

Motion to suppress the use in a criminal case of evidence unlawfully obtained is distinct from motion for return of goods, and order denying motion for both, as relates to return of goods, is no less final because, as relates to suppression of evidence, it may be interlocutory.

2. Searches and seizures ⚖═►5—Remedies of defendants in criminal action, complaining of unlawful seizure of goods to be used as evidence, stated.

Defendants in criminal case, complaining of unlawful seizure of goods to be used as evidence, have a choice of remedies between an original suit for return of the goods and quashing of warrant or preliminary motion therefor in criminal case.

3. Criminal law ⚖═►1023(3)—Orders on preliminary motions and petitions in criminal case for return of goods final and reviewable.

Orders on preliminary motions and petitions in criminal case for return of goods alleged to have been unlawfully seized, though entitled in that case, are no essential part of the trial therein, and are themselves final and reviewable by Circuit Court of Appeals.

4. Searches and seizures ⚖═►5—Defendants in criminal case held not entitled in original suit therefor to return of goods alleged to have been unlawfully seized.

Defendants in criminal case held not entitled in original suit therefor to a return of goods alleged to have been unlawfully seized and held as evidence, in view of prior unsuccessful attempts to obtain same relief by preliminary motions in the criminal case, orders denying which though final, were not brought up for review.

5. Searches and seizures ⚖═►7—Search of business building and basement thereof held reasonable, irrespective of validity of search warrant.

Search of business building and basement thereof, wherein liquor was found, held reasonable, irrespective of validity of search warrant, in view of violation of law carried on in presence and hearing of officers.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Suit by Mary M. Dowling and others, defendants in a criminal prosecution for violation of the National Prohibition Act, against Sam Collins, Prohibition Director, for return of property alleged to have been illegally seized, the quashing of certain search warrants, and the suppression of physical evidence. Judgment for defendant,

*Certiorari denied 46 S. Ct. 356, 70 L. Ed. ——.

and plaintiff Mary M. Dowling brings error. Affirmed.

W. T. Fowler, of Frankfort, Ky. (Wallace Muir, of Lexington, Ky., and O'Rear, Fowler & Wallace, of Frankfort, Ky., on the brief), for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky.) John E. Shepard and Rodney G. Bryson, Asst. U. S. Attys., both of Covington, Ky., on the brief), for defendant in error.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

MACK, Circuit Judge. By original suit, the defendants in a pending criminal proceeding charged in several counts with conspiracies to violate the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) as to possession, sale, and transportation respectively of intoxicating beverages, seek the return of property alleged to have been illegally seized by the officers, the quashing of certain search warrants, and the suppression of the physical evidence. After full hearing, at which, in addition to other testimony, all of the evidence taken and proceedings had in the criminal case were introduced, the petition was dismissed on the several grounds of the legality of the search warrants, the reasonableness of the search and seizure, irrespective of any warrant, the election by petitioners of a similar remedy in the criminal case, and the finality and consequent binding effect of the unappealed orders made therein, denying similar relief.

It is unnecessary for the purposes of this decision to recite the facts at length. It suffices that on complaints that defendants customarily sold liquor in and from a building used for many years both as a residence and as an office for the transaction of all the business appertaining to two distillery warehouses, in which large quantities of liquor were stored, the prohibition officers accompanied two notorious bootleggers to the place, examined the auto in which they came, and found no liquor therein, saw them enter the house and return, saw dealings with other people, then heard a noise such as would be made by putting 2 sacks, each having a dozen quart bottles of whisky, into one of the empty autos, searched and found the whisky in the autos, were told then and there of its purchase, entered the house, and with search warrants, the validity of which we do not determine, searched the basement under the office and seized 478 sacks, each with 12 quarts, exactly like the 2 sacks in the auto. Petitioner lived with her grown children in the house; she was the widow of the distillery warehouse owner; as owner, she conducted the extensive business of dealing in warehouse receipts; the liquor in the basement had been there since before prohibition days; it was asserted to be for the use of the family and guests, whom she entertained on a large scale.

The certificate of evidence in this case recites that upon the calling of the criminal case the defendants filed a written motion to quash the search warrant "and asked for the suppression of the evidence obtained thereunder and for the return of the goods seized." The written motion, however, which was introduced in evidence as part of the record in the criminal case, is only "to quash the evidence relating to the search and seizure" and to direct a verdict of not guilty. Nowhere therein is any request or demand for a return of the goods.

Subsequently, and before the impaneling of a second jury, defendants, over the government's objection, which the court overruled, filed another written motion "to quash the search warrants issued herein and to order the liquors seized thereunder * * * returned to Mary M. Dowling, the legal and rightful owner." Therein they specifically prayed, inter alia, "that said liquors described in the inventory of the federal prohibition agent filed with his return be ordered restored to Mary M. Dowling, the legal and rightful owner thereof." This motion was overruled after argument thereon. No evidence appears to have been heard on this second motion. We do not consider whether or not the statement in the certificate of evidence before us must be taken to mean that the written motion in the criminal case before the first trial was supplemented by an oral motion for the return of the goods seized; clearly the written motion passed on before the second trial specifically prayed for this relief. Further, it is immaterial whether or not the court erred in considering the order denying the original motion as res adjudicata on this broader motion, for clearly it was then and there duly adjudged, not merely that the search warrants would not be suppressed and that the government would not be denied the right to introduce in the criminal trial the physical evidence thereby obtained, but also and specifically that none of the defendants in that proceeding were entitled to the return of the property.

[1] The preliminary motion to suppress the use thereafter in that pending criminal case of certain evidence charged to have been illegally obtained is distinct and separate from the motion for the return of the goods charged to have been illegally seized; by joining them together the order denying the return of the goods is no less final, because the order denying the suppression of their use as evidence may be interlocutory.

[2] The parties, moreover, had a choice of remedies between the present proceedings and the motion in the criminal case for a return of the goods. They chose the latter; they submitted the issues thereon to the trial judge; on the merits they were denied the relief sought in the first instance, and were deemed barred thereby in the second attempt. That second action was final; and, if the first motion can be deemed by agreement of the parties to have included the return of the property, the order thereon was likewise final.

[3, 4] The reasoning of the opinion in Perlman v. U. S., 247 U. S. 7, 38 S. Ct. 417, 62 L. Ed. 950, as well as in Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159, fully supports the conclusion that the orders on the preliminary motions and petitions in the criminal case were final and as such reviewable in this court; though entitled in that criminal case, they were no essential part of the trial therein; as preliminary matters they were as independent therefrom as were the petitions in the Perlman and Burdeau Cases.

[5] We may add, however, that we concur fully in the findings of the trial judge that, irrespective of the validity of the search warrants, the search and seizure under the circumstances was not unreasonable. It was not the private dwelling, but the business building, that was searched, and it was in the basement of that business building that the liquor was found. In this respect it was unlike Agnello v. U. S., 46 S. Ct. 4, 70 L. Ed. ——, decided October 12, 1925.

Affirmed.