## SCHROEDER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 2, 1926.)

No. 4755.

Searches and seizures ⊜⊃3—Entry and search of rooms in a building without a warrant held unlawful.

Under the rule that there is a necessary difference between the right to search without a warrant, a building for which a warrant may readily be obtained and a boat or vehicle which may quickly be moved out of the jurisdiction, entry and search without a warrant of rooms in a building, whether used as a dwelling or for other purposes, held unlawful.

Gilbert, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Criminal prosecution by the United States against Frank J. Schroeder. Judgment of conviction, and defendant brings error. Reversed and remanded.

Kenneth M. Green and Kenneth C. Gillis, both of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The judgment in this case cannot be sustained without overruling Temperani v. United States (C. C. A.) 299 F. 365, and Bell v. United States (C. C. A.) 9 F.(2d) 820. Adhering as we do to the views there expressed, the judgment in this case must be reversed.

To uphold an entry and search such as was here made is to entirely ignore "a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motorboat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Carroll v. United States, 267 U. S. 132, 153, 45 S. Ct. 280, 285 (69 L. Ed. 543, 39 A. L. R. 790).

This judgment cannot be upheld, if in law there is a recognized difference between the right to search a moving vehicle, such as an automobile, and the right to search a permanent structure, such as a dwelling house or the basement underneath.

Reversed and remanded.

GILBERT, Circuit Judge (dissenting). A prohibition officer was led to inspect the defendant's house by the strong and penetrating odors of boiling mash and fermentation, which he said were unmistakable and which came directly from the house. The house was situated on a corner. Extending from it was a small room, "just like a little ell." Into that ell the officer entered through a door which was closed, but not locked. On entering it he found that it was a mash room. Through an open door he saw into an adjacent larger room, which was used as a still room, and saw the defendant in the active operation of two 80-gallon stills. The room contained 1,200 gallons of mash, 100 gallons of jackass brandy, 12 sacks of sugar, 20 barrels of yeast, and other material used in making intoxicating liquor. Beyond the still room, and connected therewith by a door which was closed, was a garage. The garage was not entered. There was no connection between the mash room and the still room with the upper portion of the house, nor were either of those rooms used for any household purpose. They were distinct and separate from the dwelling, as much so as if they had been contained in a separate building. In brief, the two rooms constituted a large distillery beneath a dwelling house, separate therefrom and used as exclusively for business purposes as is any shop, factory, or store occupying the ground floor of a building beneath a second story occupied for household purposes.

The question of the legality of the search and seizure in such a case should be decided upon the principles announced by this court in Forni v. United States, 3 F.(2d) 354, cited with approval in Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, where this court held that a garage beneath a dwelling house, used for the storage of a large quantity of contraband liquor, was used for a business purpose; also the case of Dowling v. Collins, 10 F.(2d) 62, where it was held that, irrespective of the validity of the search warrant, the search and seizure were not unreasonable, in that the portion of the building searched was not that which was occupied as a private dwelling, but was the basement, which was used as an office for the transaction of the business of two distillery warehouses, in which large quantities of liquor were stored; also United States v. Mitchell (D. C.) 12 F. (2d) 88, where the defendant had a res-

idence, to which was attached a frame addition at the back, having for one of its walls the rear wall of the dwelling house, and having two doors, neither of which opened into the dwelling house, and containing all the paraphernalia of a distillery. The court held that the addition was not a part of the residence as respected search.

The rule which came to us from the common law, that the probable cause which will justify arrest for a misdemeanor without a warrant must be a judgment based on personal knowledge acquired at the time through the senses, or inferences properly to be drawn from the testimony of the senses, and that an offense is committed within the presence of an officer when his senses afford him knowledge that such is the fact, has been uniformly approved by the federal courts. United States v. Borkowski (D. C.) 268 F. 408, cited in Steele v. United States, 267 U. S. 503, 45 S. Ct. 414, 69 L. Ed. 757; In re Mobile (D. C.) 278 F. 949; McBride v. United States (C. C. A.) 284 F. 416, certiorari denied, 261 U. S. 614 [43 S. Ct. 359, 67 L. Ed. 827]); Garske v. United States (C. C. A.) 1 F.(2d) 620; Miller v. United States (C. C. A.) 9 F.(2d) 382. The rule is not denied in the decision in Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, which holds that belief, however well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a warrant, a principle which is in no way involved in the present case.

The premises, the unlocked door of which the officer opened in the present case, were clearly no more a portion of the dwelling house than would have been a separate, detached building used solely for the purpose of conducting an extensive distillery, as was the case in Earl v. United States, 4 F.(2d) 532, decided by this court, where the basement beneath the dwelling was leased to and occupied by others. Said Judge Rogers in Agnello v. United States (C. C. A.) 290 F. 671, 679 (reversed on other grounds): "It is well settled that where an officer is apprised by any of his senses that a crime is being committed in his presence he may arrest without a warrant. * * * And it is equally true that in such cases an officer may without a warrant enter a building in which the crime is being committed and may search the same."

In the present case the arresting officer had the unmistakable evidence of the commission of a misdemeanor in his presence. He had every reason to believe that the mash was being boiled under personal supervision. He opened an unlocked door and immediately saw the defendant engaged in the commission of the offense. He forthwith made the arrest, and thereafter, as incidental thereto, made the search and seizure.