## UNITED STATES v. FISCHER.

## SAME v. CRIPE.

### Nos. 5762, 5763.

District Court, M. D. Pennsylvania.
March 11, 1930.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosberg, Asst. U. S. Atty., of Scranton, Pa.

Joseph J. Walsh, of Scranton, Pa., for defendants.

JOHNSON, District Judge.

These are motions to quash the indictments against the above-named defendants and to suppress the evidence upon which the indictments were found on the ground that a search and seizure were made in a private dwelling house without a search warrant, and in violation of the rights secured to the defendants under article 4 of Amendments to the Constitution of the United States and section 8, article 1, of the Constitution of Pennsylvania.

Depositions were taken by agreement of counsel, and, from the evidence taken, it appears that a federal narcotic agent, with the police authorities of the city of Scranton, for some time preceding the arrest, had the defendant Fischer under surveillance, and believed that he was trafficking in narcotics. On the day in question the officers received information that he would be in a certain rooming house on the night of that day. The narcotic agent and three city police proceeded to the place designated about 1 o'clock in the following morning, and from a position directly outside of the house distinctly smelled the odor of burning opium issuing from a room in the building. The officers immediately proceeded to enter the house, and, breaking open the door into the room from which the odor came, they found the defendants in the act of smoking opium. The officers seized the opium and the paraphernalia used therewith, and arrested the defendants.

The question here is whether or not the search and seizure were unreasonable. The Fourth Amendment to the Constitution of the United States provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

and particularly describing the place to be searched, and the persons or things to be seized."

In Angello v. United States, 269 U. S. 20, on page 32, 46 S. Ct. 4, 6, 70 L. Ed. 145, 51 A. L. R. 409, Mr. Justice Butler, in delivering the opinion of the court, said: "While the question has never been directly decided by this court, it has always been assumed that one's house cannot lawfully be searched without a search warrant, except as an incident to a lawful arrest therein. Boyd v. United States, 116 U. S. 616, 624, et seq., 630, 6 S. Ct. 524, 29 L. Ed. 746; Weeks v. United States, 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed., 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 391, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426; Gouled v. United States, 255 U. S. 298, 308, 41 S. Ct. 261, 65 L. Ed. 647."

In the above case, it appears that the search and seizure made in the dwelling house were incidental to a lawful arrest. The question, therefore, arises here whether a lawful arrest in the defendants' residence was made.

"Not all arrests without warrant are illegal, and not all searches and seizures without a warrant are prohibited; but under the federal as well as the state statutes, to justify search and seizure or arrest without warrant, the officer must have direct knowledge, through his hearing, sight, or other sense, of the commission of the crime." Agnello v. United States (C. C. A.) 290 F. 671.

In McBride v. United States (C. C. A.) 284 F. 416, on page 418, King, Circuit Judge, said: "Treating this stable as falling within the description of places covered by the Fourth Amendment, the question in this case is: Can an officer, without warrant, enter upon premises whereon he is informed by his senses a crime is being committed, and, having entered, finding a crime in progress, without warrant arrest the offenders and testify as to what such entry discloses? The case does not involve the taking of papers, or the use of any papers or property of the defendant in evidence against him. These were the questions presented by the cases of Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Silverthorne Lumber Co. v. United States, 251 U. S. 386, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426, and Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647."

"Where prohibition agents smelled raisins cooking in a nearby house, which through their experience told them that a crime was being committed, their entry and search of the house, the arrest of defendants found there conducting an illicit still, and seizure of the apparatus used held within their authority." United States v. Borkowski (D. C.) 268 F. 408, 409.

The above authorities sustain the legality of the arrest of the defendants and the search and seizure contemporaneously therewith of the articles used in the commission of the felony, and therefore the motions to suppress the evidence and to quash the indictments should be denied.

And now, March 11, 1930, the motion to suppress the evidence and to quash the indictments are dismissed.