## CRACE v. UNITED STATES.
### No. 5164.

Court of Appeals of District of Columbia.

Argued Oct. 8, 1930.

Decided Nov. 3, 1930.

G. P. Lemm, of Washington, D. C., for plaintiff in error.

Leo A. Rover and James R. Kirkland, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of the Supreme Court of the District of Columbia.

MARTIN, Chief Justice.

The plaintiff in error, hereinafter called the defendant, was tried, convicted, and sentenced in the police court, upon an information charging him with the unlawful possession of intoxicating liquor within the District of Columbia. This proceeding is brought to review the record in the case.

The assignments of error, although variously worded, actually raise but a single question, and that relates to the legality of the seizure made by prohibition agents of certain intoxicating liquor in the kitchen of defendant's restaurant. A motion was regularly filed by defendant in the police court to suppress the use of the seized liquor as evidence in the case, upon the ground that defendant's kitchen was not a public place, nor was the public admitted thereto, but was used solely and only by defendant and his servants in preparing food for his own consumption and for the patrons of his restaurant; and that a seizure thus made without a search warrant was illegal. The motion was overruled and the liquor was admitted as an exhibit at the trial of the case.

It is disclosed by the evidence that the defendant conducted a public restaurant in two

rooms located respectively on the basement floor and first upper floor of a certain five-story building situate in the District of Columbia. At the rear of the basement room was a small connecting room which led to the kitchen; there was a table but no chairs in this room. A stairway led from the room to the upper floor.

On the day of the arrest four members of the District police force, who were also general prohibition agents, visited defendant's restaurant in the daytime for the purpose of ascertaining whether intoxicating liquor was being kept there in violation of the National Prohibition Act. The officers had no search warrant. One of the officers went into the basement restaurant by the street entrance, and found no one in there at the time. He then went into the small room in the rear, and walked to the kitchen door which was open at the time, and from there looked into the kitchen. He saw four bottles of corn liquor in the kitchen, two pints and two half pints. He seized these and placed them upon the table in the small connecting room. By this time the defendant was present and claimed that the liquor was kept for his own private use. While the officer and the defendant were in the small room a man came in and asked defendant for a highball and threw a 50-cent piece down on the table. Defendant looked at the man "kind of funny," and after a while the man said "Give me ginger ale." Defendant then handed him a small bottle of ginger ale which the man drank and then left the premises. The officer took possession of the seized liquor, and arrested the defendant.

In our opinion the seizure and arrest were justified by the facts thus disclosed. The basement restaurant was a room designed for public use, and the same is true of the small connecting room between the front restaurant and the kitchen. This fact appears from the free public access to the room, from the presence of a table in the room, and from the conduct of a patron who treated it as a public room in the presence of defendant, by entering it as of right and tendering money to defendant with an order for a highball.

It therefore appears that, while the officer was standing in a public part of the premises, he saw the bottles of liquor in the kitchen, to which he had access through the open kitchen door. In these circumstances he was authorized to seize the liquor without a search warrant.

In Vachina v. United States, 283 F. 35, 36, it was held by the Circuit Court of Appeals, Ninth Circuit, that, where bottles and demijohn containing intoxicating liquor unlawfully in defendant's possession were in plain sight when officers entered a kitchen in the rear of his soft drink barroom, the seizure thereof was legal, whether or not they had a valid search warrant. The court said: "The Fourth Amendment to the Constitution, which prohibits unreasonable searches and seizures, is to be construed in conformity with the principles of the common law. At common law officers may arrest those who commit crimes in their presence, and they may avert a crime in the process of commission in their presence, by arrest, and without a search warrant they may seize the instrument of the crime." See U. S. v. Borkowski (D. C.) 268 F. 408; In re Mobile (D. C.) 278 F. 949; O'Connor v. U. S. (D. C.) 281 F. 396; Miller v. U. S. (C. C. A.) 9 F.(2d) 382; Rouda v. U. S. (C. C. A.) 10 F.(2d) 916.

The judgment of the police court is affirmed.