### UNITED STATES ex rel. FRANK v. MATHUES, U. S. Marshal.

(District Court, E. D. Pennsylvania. January 25, 1927.)

No. M-55.

1. Searches and seizures ⬅➙7(10)—Constitutional rights against search and seizure, including search of premises not dwelling, is protected by Prohibition Act (Const. Amend. 4; National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).

Preservation of rights under Fourth Amendment against search and seizure, including search of premises other than dwelling house, was intended by National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m).

2. Intoxicating liquors ⬅➙255—Prohibition Act authorizes court to make disposition only of property seized under search warrant "Such property so seized" (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).

Power of court under National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), to make disposition of "such property so seized," means seized under a search warrant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Such].

3. Intoxicating liquors ⬅➙249—Search and seizure without valid search warrant is not authorized by Prohibition Act on information obtained by trespass (National Prohibition Act, tit. 2, § 25 [Comp. St. § 10138½m]).

Under National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), except where an officer is already lawfully on premises, and not there as a trespasser, information there obtained does not justify his entrance and search and seizure without a valid search warrant.

Habeas Corpus. Proceeding by the United States, on the relation of Samuel Frank, against W. Frank Mathues, United States Marshal. Relator discharged.

Benjamin M. Golder, of Philadelphia, Pa., for relator.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. At the hearing the parties agreed to the following facts: The relator was arrested by prohibition agents under a search warrant conceded by the government to be invalid. In the execution of the invalid search warrant, a building on relator's premises, not used as a dwelling, was searched, and articles found and seized, evidencing unlawful manufacture and possession of intoxicating liquor. The affidavit for the search warrant recited that, the day before the search, seizure, and arrest, a prohibition agent had detected an odor of mash in a state of fermentation in the building in which the contraband articles were found. Upon the evidence thus obtained, the commissioner committed the relator in default of bail.

The government justifies the seizure and arrest upon the ground that, admitting that the search warrant was invalid, there was a right of seizure because of a crime committed in the presence of the officers, and therefore it was lawful for them to make the seizure and arrest the relator without a warrant in accordance with the common law, citing Miller v. United States (C. C. A.) 9 F.(2d) 382; Dowling v. Collins (C. C. A.) 10 F. (2d) 62; Vachina v. United States (C. C. A.) 283 F. 35.

It is contended by the relator that, the search warrant being invalid, its use to obtain admission to the premises was a trespass, and in violation of the relator's constitutional rights, citing Murby v. United States (C. C. A.) 293 F. 849, and cases there cited.

[1-3] It was clearly the intention of Congress, in section 25 of title 2 of the National Prohibition Act (Comp. St. § 10138½m), to preserve the constitutional rights of the citizen under the Fourth Amendment. There seems to be an impression, and it is justified by some of the decisions, that the search of other premises than a dwelling house is lawful, if the searching officer without a search warrant has contrived to intrude himself upon the premises without the permission of the owner or occupant, and if he then perceives, through his senses, whether of sight, sound, taste, smell, or touch, the evidence of

crime, he is justified in making a seizure. In other words, that he has then put himself under the protection of the common-law rule justifying a seizure and arrest, because of the result of his unwarranted search, rather than because of a lawful entry. That impression has no doubt arisen because of emphasizing the restriction against search of private dwellings, occupied as such, unless used for unlawful sale or in part for some business purpose. The whole intention of the section is overlooked in holding to that impression. The power of the court to make disposition of "such property so seized" clearly means that "seized under a search warrant." Excepting, therefore, cases where an officer is already lawfully upon the premises, and not there as a trespasser, Congress intended that access should be obtained under the authority of a search warrant. Entrance upon premises with an invalid search warrant is of the same effect as with no search warrant.

In this case, the fact that an officer had detected the odor of mash in a state of fermentation on the preceding day justified the issuing of a search warrant. It did not, however, justify entrance under an invalid search warrant, any more than it would have justified his breaking down a door, or forcing his way through a window. What would have happened, or have been found, if the officers had proceeded without process, is a matter of pure conjecture in which we need not indulge. Murby v. United States, supra. As the court said in that case:

"We must enforce the Fourth and Fifth Amendments and statutes intended to protect rights thus guaranteed, as faithfully as we enforce the Eighteenth Amendment and the National Prohibition Act."

The Circuit Court of Appeals for this circuit has said:

"Unlawful and unconstitutional practices get their first footing by silent approaches and slight deviations, under extenuating circumstances, from legal modes of procedure. To obviate these, constitutional provisions for the security of person and property must be liberally construed. * * * It is therefore the duty of courts to be watchful for stealthy encroachments against the constitutional rights of citizens * * * and this watchfulness applies to the * * * National Prohibition Act, just as to any other law." Legman v. United States (C. C. A.) 295 F. 474, cited by this court in Re Lobosco (D. C.) 11 F.(2d) 892.

It is ordered that the relator be discharged.