## UNITED STATES v. CODDE.

District Court, E. D. Michigan, S. D. September 27, 1927.

No. 13243.

Criminal law ⊙⟿394—Intoxicating liquors ⊙⟿249—Prohibition agent's search of premises without warrant held illegal, and evidence thereby obtained inadmissible (National Prohibition Act [27 USCA]).

Search of defendant's premises in nighttime by prohibition agent without search warrant or other authority, and seizure of evidence thereunder, were illegal, and evidence so obtained could not be used in prosecution for violation of National Prohibition Act (27 USCA).

Criminal proceeding by the United States against Edward Codde. On defendant's motion to suppress evidence of violation of National Prohibition Act obtained in a raid on defendant's premises without a search warrant. Motion sustained.

The District Attorney, of Detroit, Mich., for the United States.

Leonard S. Coyne, of Detroit, Mich., for defendant.

DAWKINS, District Judge. This case has been submitted on a motion to suppress the evidence of a violation of the National Prohibition Law (27 USCA) obtained in a raid upon the premises of defendant, on the ground that the search and seizure were illegal. No evidence is offered, but it appears admitted in the briefs by both sides that the prohibition agents, acting upon information that the law was being violated in the premises in question, in the nighttime, went to the front door and, finding it locked, proceeded to the rear, where they scaled a six-foot board fence into the back yard. They could then see through the back door bottles upon the counter or table in the back room. Search was made and a quantity of intoxicating liquor found. They had no search warrant or other authority for entering and searching the premises.

This statement of the facts in my opinion discloses that the search and seizure were illegal, and the evidence obtained as a result thereof cannot be used. The motion should therefore be sustained. Gouled v. U. S., 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Weeks v. U. S., 232 U. S. 383, 34 S. Ct. 361, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Silverthorne Lbr. Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319; U. S. ex rel. Frank v. Mathues (D. C.) 17 F.(2d) 274.

Proper decree may be presented.