.UNITED STATES v. BOSONI et al.

No. 2926.

District Court, D. Wyoming.
Jan. 22, 1930.

T. Paul Wilcox, Asst. U. S. Atty., of Cheyenne, Wyo.

W. L. Walls, of Cheyenne, Wyo., and Samuel A. King, of Salt Lake City, Utah, for defendants.

KENNEDY, District Judge.

The above-entitled cause is before the court upon a motion to suppress evidence. The indictment is one charging conspiracy to violate the Prohibition Law. The motion is based upon the alleged insufficiency of an affidavit for and the illegality of a search and seizure by virtue of a search warrant based thereon. The motion challenges in various respects the validity of the entire search and seizure proceeding upon the ground that the same was in violation of the constitutional rights of defendants guaranteed by the provisions of the Fourth and Fifth Amendments to the Federal Constitution.

The motion is opposed by a resistence filed on behalf of the government in which the allegations as to the unlawful and illegal search are denied, but all other allegations of the motion are admitted. The affidavit for the search warrant and the warrant itself upon the presentation of the motion are offered to the court for consideration. To the warrant is appended the return of the prohibition officer under oath who made the affidavit for the search warrant, by which return it appears that the search warrant was executed on the 15th day of March, 1929; that the premises described in the search warrant were searched that day; that the property seized consisted of 79 ten-gallon kegs of whisky, one five-gallon keg of whisky, one gallon of whisky and one gallon of wine; that the officer executing the same gave to one of the defendants, Harry Julian, the person from whom the above-described property was taken, a copy of the warrant together with a receipt for the property taken; and that the inventory contained a detailed and true account of all property seized under and by virtue of the warrant.

At the conclusion of the presentation of the motion on behalf of the defendants, counsel for the government by way of reply assert that they make no claim as to the sufficiency of the affidavit or the validity of the search warrant, the invalidity of which they admit, but contend that independent of and without the search warrant there was a legal and valid search of the premises at the time indicated in the return, and that upon proof tendered the government will be able to sustain the legality of the search and seizure.

The controversy in this form presents the question as to whether or not officers of the government purporting to act under a search warrant, which is clearly shown by the record to have been acted upon by them through the legal return made as provided by law, can, in the event of a challenge to the legality of the search and seizure proceeding under said affidavit and search warrant, abandon the same and elect to sustain the search and seizure upon the theory that no search warrant was necessary, and that they had the right to do the things which they did do the same as though they had been done in the absence of a search warrant.

In the brief time which is available for the consideration of this question, counsel

have apparently not been successful in presenting authority directly upon the point involved, nor has this court discovered in a limited research any case which is on all fours with the case at bar as to the point here presented.

First impressions, which must be very largely the guide in the present circumstances, lead me to the conclusion that, in the interest of justice and the preservation of legal procedure from utter chaos, the government must be held to its adopted theory of a right to search the premises here involved. It may be frankly admitted that, if a search warrant were applied for and secured and, without the use of the same, entrance to premises were made and search and seizure perfected on account of other evidence at the command of the searching officers, such a search and seizure, such evidence being sufficient, might be logically and rightfully sustained. But where an officer purports to procure a search warrant and by virtue of the same enters premises, seizes property and makes a return indicating in detail the manner in which he has carried out the provisions of the search warrant, it seems little short of revolutionary in procedure to permit the government under such circumstances to assert that it did not act under and by virtue of such search warrant. If it might be assumed that the government should be amenable to the same rules and regulations which govern the rights and powers of all other classes of litigants, then it would here be clearly estopped from asserting that it did not do the acts under the claim and authority which the record here clearly discloses that it did.

There is no intimation in the record that the search and seizure was carried out by virtue of an arrest of the defendants, which might in some instances sustain a search of the premises and the seizure of property there by them held in violation of law. On principle, it would seem to me that the case ought to be placed in the same category with one where an officer has procured an illegal search warrant and presents it to the owner of the premises who thereupon gives his consent to a search. In that instance it has been held that the consent to the search does not avoid the safeguard provided by the Constitution against unreasonable searches. Salata v. United States, 286 F. 125 (C. C. A. 6th Cir.). In that case and in the case at bar, the officers of the government are purporting to be acting under and by virtue of a search warrant, and if the warrant fails on account of illegality, the search and seizure carried on thereunder likewise fails.

■ It may be admitted for the sake of argument that in the event the government were permitted to introduce evidence on this hearing it could show that the search and seizure which was conducted would have been in all respects legal and lawful in the absence of a search warrant, yet to permit this in the face of a duly instituted search and seizure proceeding with an executed return thereto by the officer all on file and submitted to the court upon a motion made in good faith to protect the constitutional rights of the defendants, it would simply result in disregarding all semblance of regular and duly constituted procedure and for the sole purpose of aiding the government through means of a legal trick in avoiding the responsibility of its duly constituted representatives. Neither, in my opinion, does the fact that the indictment in which the motion is made charges a conspiracy to violate the Prohibition Law, rather than a direct violation of such a law, alter the principle which should be applied. If anything, the rule in such a case should be more stringently applied for the reason that in such case all evidence of seized property would be subject to introduction as against all those who are jointly charged in the conspiracy, but who may not have been present at the time of the search, or possibly had no knowledge of the place searched and the property seized.

No law or its enforcement should justify encroachment upon rights guaranteed by the Constitution, and one provision of this document is, or should be, as sacred as another.

For the reasons stated, the motion to suppress will be sustained, and all evidence of property seized or information secured in and about the premises described in the affidavit and search warrant shown to have been executed by the prohibition officers on March 15, 1929, will be suppressed, reserving to plaintiff its proper exceptions.