(No. 40275.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANCIS J. McGRAIN, Appellant.

*Opinion filed September 29, 1967.*

FRANK M. DALY, of Waukegan, for appellant.

BRUNO W. STANCZAK, State's Attorney, of Waukegan, (JACK HOOGASIAN and WILLIAM G. ROSING, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The sole question presented here is the sufficiency of a complaint for a warrant to search defendant's person. The circuit court of Lake County found the complaint insufficient and ordered that the evidence obtained thereunder

be suppressed. The Appellate Court for the Second District held the complaint sufficient and reversed and remanded the cause for further proceedings. We granted defendant's petition for leave to appeal. 72 Ill. App. 2d 7.

The complaint was drafted by an assistant State's Attorney at the request of a sergeant of the Waukegan Police Department and reads as follows:

"Now comes your affiant, William A. Kennedy, of the Waukegan Police Department, being first duly sworn on oath according to the law of the State of Illinois, and under oath does hereby complain to and informs this date, May 2, 1964, in Waukegan, Lake County, Illinois, that Francis J. 'Bunch' McGrain does have in his personal possession certain horse-race slips, papers, printed and written bets, books, scratch sheets, racing forms, and other related paraphernalia and papers dealing with the recording of bets and the registering of bets, and does further have in his possession monies and funds which have been bet or wagered on horse racing this 2nd day of May, 1964, and that such information is based upon reasonable and probable belief from personal observation, and investigation, by your affiant, and of members of the Detective Bureau, Waukegan Police Department, working under the control of your affiant in the matter herein, and further that the said Francis J. 'Bunch' McGrain is engaged in the unlawful act of gambling, as more fully set forth in the Criminal Code of 1961, Illinois Revised Statutes 1963.

Your Affiant further states that he verily believes from observation and investigation that the said Francis J. 'Bunch' McGrain is accepting bets and wagers, and does have in his possession the described articles mentioned penultimately herein, including monies and funds which have been bet and wagered.

Wherefore, your affiant prays that a search warrant may issue according to law."

The complaint was presented to the magistrate and the warrant was issued on May 2, 1964, and, on the same day, the defendant, Francis J. McGrain, was arrested and searched pursuant thereto and various items mentioned in the complaint were taken from his person.

Defendant cites the rule that the constitutional guarantee against unreasonable searches and seizures requires that the complaint must state the underlying facts on which the complainant bases his belief with such definiteness that, if

the complaint is false, perjury may be assigned upon it. (*People* v. *Sevetsky,* 343 Ill. 583.) He argues that the complaint here, tested by this rule, is wholly insufficient; that the date mentioned in the complaint is not alleged to be the date on which the "personal observation" took place; that the entire language of the complaint is virtually meaningless in that it is impossible to determine who made the "personal observation", what was seen, what investigation was made, by whom it was made and what it revealed. Interpreting the complaint as purely conclusory and stating only the affiant's belief that probable cause existed, he contends that to assign a perjury prosecution upon it would be impossible.

An objective appraisal of the complaint does not lead us into the same intellectual quandary in which defendant seems to find himself. Using the same method of analysis as defendant we find that the complaint clearly alleges that defendant had certain gambling paraphernalia in his possession on May 2, 1964. The affiant "informs [the magistrate] *this date, May 2, 1964,* \* \* \* that [defendant] *does have* in his personal possession certain horse-race slips [etc.] \* \* \* and *does further have* in his possession monies and funds which have been bet or wagered on horse racing *this 2nd day of May, 1964,* \* \* \*." It then goes on to say that affiant bases this information or knowledge which he is imparting to the magistrate upon a reasonable and probable belief or judgment formed "from personal observation and investigation, by your affiant," and further on the personal observation and investigation "of members of the Detective Bureau, Waukegan Police Department, working under the control of your affiant in the matter herein, \* \* \*."

While not the most artfully drafted piece of writing nor the most simply stated, nonetheless it does positively state that on May 2, 1964, affiant believed defendant had in his possession certain gambling slips and monies bet on races that day, and that the basis of his belief was the

simple fact that he personally saw or observed defendant in possession thereof, and further that his staff likewise saw the same things. It appears obvious that if a person swears that another is in possession of certain items on a designated day, and the basis of his knowledge of such facts is his own personal observation, then, if he is telling the truth, he must have observed them on that day. No other conclusion is possible and a magistrate reaching such conclusion is justified in finding probable cause for the issuance of a search warrant. (*People* v. *Jackson*, 22 Ill.2d 382.) The truth of affiant's statements is not at issue here, but, if false, then affiant certainly did subject himself to prosecution for perjury. It is interesting to note that in other jurisdictions it has been held that where an affidavit states no exact date but information is based on observations of the affiant, and the offense being committed is stated in the present tense, then the date the affidavit was sworn to controls as the date of observation of the things therein alleged. *People* v. *Nelson*, 171 Cal. App. 2d 356, 340 P.2d 718; *Griffin* v. *State*, 95 Okla. Crim. 421, 246 P.2d 424.

Also, apart from what affiant said he personally saw, the fact that his staff was alleged to have seen defendant in possession of the gambling items would have been sufficient to support the complaint. In *United States* v. *Ventresca*, 380 U.S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684, the court held that even hearsay may be the basis for the issuance of a search warrant if a substantial basis for crediting the hearsay is shown, and the observation of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their members.

In conclusion, we subscribe to the further comments of the court in the *Ventresca* case to the effect that constitutional demands relative to search warrants, like all constitutional requirements, are practical and not abstract; that if the teachings of the court's cases are to be followed and

the constitutional policy served, affidavits for search warrants must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion; that technical requirements of elaborate specificity once exacted under common-law pleadings have no proper place in this area; and that when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense manner, for a grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*