People of the State of Illinois, Plaintiff-Appellant, v. Joe Golds, Defendant-Appellee.

Gen. No. 52,961.

First District, First Division.

March 17, 1969.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, James B. Zagel, and Lewis Wenzell, Assistant State's Attorneys, of counsel), for appellant.

No brief for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by the State from an order which allowed defendant's motion to quash a search warrant and to suppress the evidence seized pursuant to the warrant. Prior to the issuance of the warrant and in the presence of the issuing judge, the complaining police officer amended the "Complaint for Search Warrant" in its description of the place to be searched. The question is whether the complaint, after its amendment, should have included the source of the information on which the amendment was based. Defendant has filed no brief.

The record shows that police officer Robert J. Smith, as the complainant, appeared before Judge John J. Moran of the Circuit Court of Cook County and presented a complaint for the issuance of a search warrant. The judge found that the description of the place to be searched was insufficient and unsatisfactory. Later the complaint was amended by the police officer so that "3rd floor right apartment" was changed to read "3rd floor north

apartment." Judge Moran then initialed the change and issued the search warrant.

The complaint, as amended, on which the search warrant was issued, was as follows:

> "Complainant says that he has probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the (person and) premises set forth above: I, a Police Officer for the City of Chicago, have received information from a reliable informant who I have known for the past 15 months, and who on several previous occasions has furnished me with information that has proven to be true, exact and accurate. Acting on information received from this informant, resulted in 5 arrests, 2 convictions and 3 pending in Criminal Court. On 20 June 1967 this informant furnished me with telephone number 338–2809 and told me this is the number he calls when he wants to make bets on horse races. I checked this number through the Security Section of the telephone company and found it to be listed to Alex Brown, 3rd floor *north*—[JM] apartment at 6574 North Lakewood, Chicago, Cook, Illinois. On 20 June 1967 at approximately 4:40 p. m. I personally dialed this number, 338–2809 and handed the phone to the informant. The informant identified himself and then made a wager on a horse race, the informant then said, 'that's it' and hung up the telephone. The informant then told this complainant that when he was handed the phone it rang once and was answered by an unknown person who accepted the bet. After the bet was given, the party accepting the bet asked the informant if he had anything else to which the

informant replied 'that's it' and this terminated the conversation.

Robert J. Smith<br>Complainant

"Subscribed and sworn to before me on 21 June 1967

John J. Moran<br>Judge." (Emphasis supplied.)

Defendant's motion to suppress was heard and ruled on by another judge. Officer Smith testified at length about the amendment to the description of the premises to be searched. His testimony included: "At the time I originally presented the affidavit the only information I had was that the apartment was the 3rd floor right apartment. Before Judge Moran signed the warrant I contacted one of the squads of our unit, who went out and looked at the building in question and passed the information they gained on to me. On the basis of that information, I changed the warrant and affidavit from 'right' to 'north.' " He further said: "The affidavit itself does not contain the information that the premises had been examined, but after I imparted this information to the magistrate he issued the warrant."

In allowing the motion to quash and to suppress, the judge remarked: "I would note first that the warrant states that the telephone number listed as—to the third floor north, and we know from the testimony that this is not so. The telephone listing indicates third floor right. And this information in regard to north could only have been obtained by information outside of the affidavit. The information as to the apartment was from an unknown officer and investigation that was not mentioned within the four corners of the affidavit. In regard to probable cause and description of premises apart from the warrant, if there was some testimony in regard to the

name of Alex Brown who this telephone number was to be listed for, as being on the door bell indicating third floor north or something to that effect, there might have been probable cause for the search warrant. But there was not such testimony. And they undoubtedly did not have this information or there would not have been a search warrant for both apartments. For these reasons the motion to quash and motion to suppress will be allowed."

As previously noted, the issue here is whether the complaint for the search warrant, as amended, was insufficient because it did not include the information and its source on which the description of the place to be searched was amended. As the amendment was made before the issuance of the search warrant, the complaint must be examined in that posture.

 We believe pronouncements made by the Illinois Supreme Court in People v. Watson, 26 Ill2d 203, 186 NE2d 326 (1962), and People v. McGrain, 38 Ill2d 189, 230 NE2d 699 (1967), supply the guidelines to be used here. In People v. Watson, the court said (p 205):

> "Constitutional requirements relating to searches are satisfied in these cases if the warrant describes the premises to be searched with reasonable certainty, and a technical description is unnecessary. . . . A warrant is sufficiently descriptive if it enables the officer, with reasonable effort, to identify the place. . . . If the property is sufficiently recognizable from the description to enable the officer to locate the premises with definiteness and certainty, it is adequate. The description may be one used in the locality and known to the people; and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used. . . . The constitutional safeguard is designed to require a description which particularly points to a definitely ascertainable place so as to exclude all others."

In People v. McGrain, supra, it is said (p 192):

> "Also, apart from what affiant said he personally saw, the fact that his staff was alleged to have seen defendant in possession of the gambling items would have been sufficient to support the complaint. In United States v. Ventresca, 380 US 102, 13 L Ed2d 684, 85 S Ct 741, the court held that even hearsay may be the basis for the issuance of a search warrant if a substantial basis for crediting the hearsay is shown, and the observation of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their members.

> "In conclusion, we subscribe to the further comments of the court in the Ventresca case to the effect that constitutional demands relative to search warrants, like all constitutional requirements, are practical and not abstract; that if the teachings of the court's cases are to be followed and the constitutional policy served, affidavits for search warrants must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion; that technical requirements of elaborate specificity once exacted under common-law pleadings have no proper place in this area; and that when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense manner, for a grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."

As we view the matter, the issuing judge was endeavoring to be sure that the complaint described the premises to be searched with reasonable certainty. The

substitution of "north" for the word "right" by Officer Smith was based on hearsay information, which was not included in the complaint. We do not believe that it was necessary that the allegations of the complaint include a recital of why the address was amended. The complaint originally detailed sufficient underlying circumstances to demonstrate the existence of probable cause, and the manner in which the substitution was made of the word "north" for the word "right" did not lessen the effectiveness of the complaint, as amended. Although the record does not affirmatively show that Officer Smith was again sworn after the amendment was made, we agree with the State that the fact that the judge initialed the changes would indicate that both he and the officer understood, without anything being said, that the officer was making the necessary affidavit to obtain the search warrant on the complaint, as amended. See In re Rice, 35 Ill App2d 79, 84–91, 181 NE2d 742 (1962).

We conclude that the instant complaint for search warrant, as amended, showed probable cause, and in quashing the search warrant the trial court gave the complaint, as amended, an unduly technical and restrictive reading. United States v. Ventresca, 380 US 102 (1965).

For the reasons given, the order of the trial court quashing the search warrant and suppressing the evidence is reversed and the cause remanded for trial on the indictment.

Reversed and remanded.

ADESKO, P. J. and BURMAN, J., concur.