(No. 39904.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CLAUDE STONE, Appellant.

*Opinion filed November 17, 1970.*

WARD, J., took no part.

SCHAEFER, J., dissenting.

WILLIAM H. HALL, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and GEORGE PAPPAS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Defendant, Claude Stone, after a bench trial in the circuit court of Cook County, was found guilty of unlawful possession of narcotic drugs and was sentenced to the penitentiary for a term of not less than five nor more than ten years. Upon this appeal he contends that his constitutional rights against unreasonable search and seizure were violated, an issue which the trial court determined adversely to defendant when it denied his motion to suppress certain packets of heroin from evidence.

The single witness to testify at the hearing on the motion to suppress was Officer David Parker, a member of the narcotics division of the Chicago Police Department. Pertinent facts gathered from his testimony, and about which there is no dispute, disclose that in the early evening hours of September 18, 1964, while it was still light, Parker, together with three fellow officers, went to premises located at 4521 South Lake Park in Chicago, to execute a warrant authorizing a search of the second floor apartment of one Leoler May Ruttledge. At the outset of the hearing it was conceded by the State that the search warrant was defective and it was quashed. Thereafter, over objection of defendant, Parker testified that he went to the rear of the premises upon arriving there, while his partners went to the front; that he walked up on the outside rear stairway; and that when he arrived at the second floor landing of the stairs he could see defendant, through a partially unobscured window, seated at a kitchen table. Photographic evidence corroborated that the interior of the kitchen could be seen from the landing of the common stairway, and that it was not necessary to go onto the back porch in order to do so.

According to the further testimony of the officer, there was a large pile of white powder on the table which defendant, using a small spoon, was apportioning into small tin-foil packets, some of which were folded and others of

which were still open. On cross-examination Parker testified that he had been a narcotics officer for five years, that he had knowledge of the physical appearance of heroin, and that he was aware from his experience that tinfoil was commonly used to package the drug. After observing defendant for a short time, Parker rejoined his fellow officers, who were in the hallway outside the front door of the apartment, and told them what he had seen. When a knock on the front door went unanswered, the officers entered the apartment, placed defendant under arrest and seized some 81 tin-foil packets of white powder, a subsequent chemical analysis of which disclosed it to be heroin. On the basis of Parker's testimony, the motion to suppress was denied.

As grounds for reversal defendant contends that since the search warrant was defective, the observations of the officers made as they were proceeding to execute the warrant "cannot furnish independent cause for an arrest" and justify the seizure of evidence as an incident to such arrest. In brief, it is defendant's position that if police officers are set in motion by a defective warrant, the invalidity of the warrant renders any subsequent search or seizure constitutionally impermissible. But this contention finds its immediate rejection in *People* v. *Wright,* 41 Ill.2d 170, where we held that "defects in a search warrant are immaterial if the search can be otherwise justified," (p. 173), and concluded, *inter alia,* that a search or seizure is reasonable, valid and "otherwise justified," where it is incident to a lawful arrest, the validity of the arrest, in turn, depending upon whether the officers had reasonable cause to believe that an offense had been committed and that the defendant had committed it. See also: *People* v. *Williams,* 36 Ill.2d 505, 509; *People* v. *Brinn,* 32 Ill.2d 232, 241; *Ker* v. *California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623.

In our opinion the arrest of defendant was lawful and it necessarily follows that the seizure of the questioned evidence was reasonable and valid as an incident to such ar-

rest. Possession of narcotic drugs by unauthorized persons is, in itself, the commission of a crime (Ill. Rev. Stat. 1967, ch. 38, par. 22—3), and, based upon Parker's experience and what was going on in plain view before him, he could with reason believe that he was witnessing defendant in the commission of a crime. *Cf. People* v. *McDonald,* 26 Ill.2d 325; *People* v. *Clark,* 9 Ill.2d 400; *Agnello* v. *United States* (1925), 269 U.S. 20, 70 L. Ed. 145, 46 S. Ct. 4; *Cheng Wai* v. *United States* (2d cir.), 125 F.2d 915; *Appell* v. *United States* (5th cir.), 29 F.2d 279.

The decisions relied upon by defendant are distinguishable when their facts are noted. In *Bumper* v. *North Carolina* (1968), 391 U.S. 543, 20 L. Ed. 2d 797, 88 S. Ct. 1788, where a person residing in the home of the accused had consented to a search, it was held by the court that: "A search conducted in reliance upon a warrant cannot later be justified on the basis of consent if it turns out that the warrant was invalid." (391 U.S. at 549, 90 L. Ed. 2d at 802, 88 S. Ct. at 1792.) In *United States* v. *Bosoni* (D. Wyo.), 57 F.2d 328, there "is no intimation in the record that the search and seizure was carried out by virtue of an arrest of the defendants" (p. 329), and, absent any showing that the search and seizure were otherwise justified, the court held that a defective warrant rendered the search and seizure invalid. In *United States ex rel. Frank* v. *Mathues* (E.D. Pa.), 17 F.2d 274, also relied upon by defendant, the court held that the odor of mash in a state of fermentation did not amount to the commission of a crime in the presence of officers or justify a search without a warrant, and concluded that the entry of the officers upon the premises of the accused under authority of a defective warrant was a trespass which rendered the ensuing search unreasonable. Here, by way of contrast, defendant was committing a criminal offense in plain view of Officer Parker, and the latter gained his view from the outside stairway of an apartment building, an area which, unlike the apartment itself, was not subject to

the dominion and control of defendant. (*Cf. United States v. Beigel*, 254 F. Supp. 923, 931; *Di Bella v. United States* (2d cir.), 284 F.2d 897, 903-904.) *McDonald v. United States* (1948), 335 U.S. 451, 93 L. Ed. 153, 69 S. Ct. 191, is also inapposite. The officers there, who had no warrant at all, gained entry to a house by climbing through a window and seized gambling evidence based upon what they had seen after standing on a chair and looking through a transom.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.

Mr. JUSTICE SCHAEFER, dissenting:

The majority sustains the right of the officers to break in forcefully, arrest the defendant, and seach the apartment on the basis of the officer's testimony as to what he saw from the second floor landing on the outside rear stairway. But the officer had no right to be on that stairway. The fact that the landing on the stairway was not, as the majority says, subject to the exclusive "dominion and control of defendant" does not mean that it was public property. The stairway was private property and it was not open to everyone for any purpose. This case differs sharply from *People v. Wright* (1968), 41 Ill.2d 170, *cert.* den. (1969), 395 U.S. 933, 23 L. Ed. 2d 448, 89 S. Ct. 1993, in which the officer stood on public property and looked into the window.

In this case the officer had no official authority to be where he was, and he was not there in response to any private invitation, business or social, express or implied, from the owner of the building or any of the tenants. (*Cf. People v. Weaver* (1968), 41 Ill.2d 434, *cert.* den. (1969), 395 U.S. 959, 23 L. Ed. 2d 746, 89 S. Ct. 2100.) In my opinion the defendant's motion to supress should have been sustained.