THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RALPH R. LEVIN, Defendant-Appellee.

(Nos. 57496, 57497 cons.; ▮▮▮▮▮▮)

First District (1st Division)—June 11, 1973.

880

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Jack G. Stein, of Chicago, for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

The People of the State of Illinois appeal from an order granting a motion of defendant to suppress evidence. Supreme Court Rule 604(a)(1), Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)(1).

The record shows that defendant was charged with a gambling offense in that he possessed a book, instrument or apparatus for the purpose of recording and registering bets and wagers. (Ill. Rev. Stat. 1971, ch. 38, par. 28—1(a)(5).) Defendant was taken into custody and placed under arrest on September 22, 1971. Certain property was taken from his possession by the police at that time. The arrest was made pursuant to a verified complaint for search warrant by the arresting officer and a warrant for seizure of records of bets, etc., duly issued pursuant thereto.

Attorneys for the State and the defendant approached the bench. The attorney for defendant, responding affirmatively to a question by the trial court, advised the court that he was making a motion to suppress evidence and to quash. Both counsel then gave legal arguments to the court relative to the sufficiency of the verified complaint and the search warrant. The court ruled that these documents were legally insufficient

and sustained the motion to suppress. The record shows the following:
"THE COURT: Well, motion to suppress, sustained.

MR. CITERA: S.O.L.?
[State's Attorney]

THE COURT: S.O.L.

MR. CITERA: Judge, uh, the State at this time, is ready even though the warrant's quashed. We feel there is probable cause without the warrant.

THE COURT: All right.

MR. STEIN: Certainly make a motion to suppress.
[Defense Attorney]

THE COURT: Let's go."

Counsel for defendant then called the police officer to the stand and examined him regarding the circumstances of the arrest. There was cross-examination by the State's Attorney. The court then ruled, "No probable cause." The property taken from defendant was returned. The common law record shows that the court sustained defendant's motion to suppress and the case was stricken from the docket with leave to reinstate.

In this court, the State contends only that the complaint and search warrant were sufficient upon their face so that the court erred in quashing the warrant and suppressing the evidence. Defendant contends that when the prosecutor elected to proceed with a determination of the existence of probable cause upon the arrest alone, without the warrant, the State thus waived its right to appeal. He urges that since the trial court sustained defendant's motion to suppress, regardless of the warrant, the evidence may not be admitted and that validity of the warrant, the only point briefed and argued by the State, is "moot". Defendant thus contends that the appeal should be dismissed under Supreme Court Rule 341(e)(7). (Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7).) The defendant also urges upon us the insufficiency of the search warrant and the complaint.

Consideration of defendant's first point requires a restatement of certain fundamental principles. The Illinois Code of Criminal Procedure is the basis for pretrial motions to suppress evidence. The applicable section of this statute gives the defendant the right to move the court to suppress evidence obtained by an unlawful search and seizure. The statute provides for suppression of property unlawfully seized where the "* * * search and seizure without a warrant was illegal * * *," (Ill. Rev. Stat. 1971, ch. 38, par. 114—12(a)(1)); or alternatively, "The search and seizure with a warrant was illegal because the warrant is insufficient on its face * * *." (par. 114—12(a)(2).) This record

demonstrates that defendant proceeded first upon the latter ground; namely, insufficiency of the warrant.

■■ In this regard, the arguments of counsel were properly limited to the legal sufficiency of the supporting affidavit. The matter of probable cause for the issuance of the search warrant having been established by the magistrate who granted it, the only question then open for argument before the trial court was the legal sufficiency of the warrant and the supporting affidavit as such. (See *People v. Stansberry*, 47 Ill.2d 541, 268 N.E.2d 431.) In a situation such as this, and in this type of proceeding, the defendant could not dispute matters alleged under oath which formed a basis for issuance of the search warrant. He could only question the legal sufficiency thereof. *People v. Bak*, 45 Ill.2d 140, 144, 258 N.E.2d 341.

■■ The court ruled upon this motion and held that the complaint for search warrant was legally insufficient and the warrant invalid. However, the State then elected to proceed as though the warrant had never been issued. Defects in the search warrant would be immaterial if the search could be "otherwise justified." (See *People v. Stone*, 47 Ill.2d 188, 190, 265 N.E.2d 883, quoting from *People v. Wright*, 41 Ill.2d 170, 173, 242 N.E.2d 180.) Up to this point, however, defendant had exhausted only one of the statutory alternatives open to him for suppression of the evidence; namely, legal sufficiency of the complaint and warrant. Instead of proceeding to trial on the merits, defendant then moved the court to suppress the evidence upon the other statutory ground that the search and seizure of his property, entirely aside from the warrant, was illegal. This was patently and obviously the only ground upon which defendant was proceeding. Defendant called the police officer as his witness and testimony was heard regarding the circumstances of the arrest. The point at issue was existence of reasonable cause for the officer to believe that an offense had been committed and that the defendant had committed it. The trial court then granted the motion to suppress and the cause was stricken with leave to reinstate. There was never a trial upon the merits of the criminal charges against defendant.

■■ Based upon this record, defendant argues that the point raised by the State in this appeal on insufficiency of the warrant is "waived" and also "moot". No authority is cited for this statement beyond the statute above referred to and Rule 341(e)(7) of the Supreme Court. We cannot find waiver of any kind by the State from this record. Actually, it was the defendant himself who elected to proceed with a motion to suppress the evidence seeking return of his property; first upon one of the grounds authorized by the statute and then upon the

other. When the motion to suppress was sustained upon the first ground, defendant did not then request return of his property. Instead, he himself chose to proceed with a motion to suppress upon the alternative ground granted in the statute. If the warrant was held invalid, the State could still justify the arrest of the defendant and seizure of his property on the ground of probable cause. (*People v. Stone,* 47 Ill.2d 188, 190, 265 N.E.2d 883.) We find no waiver of right to appeal by the State. Rule 604a(1) gives the State the right to appeal from an order suppressing evidence whether this order is predicated on either of the statutory alternatives. (Ill. Rev. Stat. 1971, ch. 110A, par. 604a(1).) The notice of appeal filed by the People encompasses both orders of the trial court which were rendered on the same day.

■■■ Under Rule 341(e)(7) of the Supreme Court (Ill. Rev. Stat. 1971, ch. 110A, par. 341(e)(7)), since the State has not argued the ruling of the trial court on the motion to suppress without the warrant, that point is waived. However, the ruling of the trial court on sufficiency of the warrant is properly before us for decision. That issue is dominant and governing here. If the warrant is actually sufficient, no issue of probable cause arises and the ruling of the trial court in this regard has neither materiality nor significance. In such case, the issue of probable cause without the warrant is "moot" in the sense in which the defendant uses the word. The basic issue of sufficiency of the warrant did not become "moot" in this sense.

Turning now to the merits of the ruling by the trial court that the verified complaint and search warrant were invalid, the sworn complaint for a search warrant stated:

> "I, George Barzydlo, a police officer in the City of Chicago have received information from a reliable informant who I have known for approximately 4 months who on several previous occasions has furnished me and other members of the gambling unit with information which has proven to be true exact and accurate. Acting on this information received from this informant resulted in four arrests in four separate cases, in all cases gambling paraphernalia was seized, results being two convictions and two cases still pending in court. On 17 September 1971, this informant met with me and told me that when he wanted to place a bet he would go to 1119 West Fulton street. To a place called Ralphs Bar and Grill and place the bet with a Male White by the name of Ralph who is the bartender.
>
> On this date 20 September 1971 I personally went to 1119 W. Fulton st. with the informant and made a complete search of him and found him to be free of any gambling material. I then in-

structed him to go to 1119 West Fulton st. and place a bet. The informant went directly to 1119 West Fulton st. and remained inside approximately 10 minutes and then returned directly to me, at which time he showed me a receipt for a horse bet."

The search warrant issued on the same day contains the following language:

"On this day George Barzydlo, Complainant, has subscribed and sworn to a complaint for a search warrant before me. Upon examination of the complaint, I find that it states facts sufficient to show probable cause.

I therefore command that you search a Male White by the name of 'Ralph' and the tavern and grill located at 1119 West Fulton st. first floor Chicago, Cook, Illinois and seize Records of bets, all instruments, implements and apparatus, kept, used, or provided to be used in illegal gambling To wit: scratch sheets, records of bets on horse races and United States Currency."

■■■ A complaint for a search warrant may be based upon hearsay evidence given by an informer, but the complaint must set forth the underlying circumstances upon which the informer's conclusions are based and must also set forth grounds evidencing his reliability. (*Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509.) The affiant may also base his request upon the information received from fellow officers who are engaged in a common investigation. (*United States v. Ventresca*, 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741.) Morever, as stated in *People v. McGrain*, 38 Ill.2d 189, 230 N.E.2d 699, applications for search warrants must be tested and interpreted in a common sense and realistic fashion.

Perhaps the latest expression on this question by the Supreme Court of Illinois is *People v. McNeil*, 52 Ill.2d 409, 288 N.E.2d 464, affirming the decision by this court at 123 Ill.App.2d 285, 260 N.E.2d 82. Examination of both of these opinions leads us to the conclusion that the complaint and the warrant in the case at bar are legally sufficient.

■■ In the instant case, the complaint for the search warrant set out: the place and person to be searched; the fact that the informer would go to defendant's location when he wished to place a bet; the fact that the informer was searched by the officer and, after nothing in the nature of gambling paraphernalia was found on his person, the informer returned from the defendant's location with a betting slip; and the fact that the informer was of past proven reliability as attested to by his past successful employment by the affiant and by his co-officers. The motion to quash the search warrant and suppress the evidence obtained pursuant thereto should have been denied.

■■ Defendant raises questions in his brief concerning the meaning behind several of the averments contained in the complaint, such as, what was the nature and extent of the search which the officer made of the informer prior to the latter's entry into defendant's location; what makes a horse bet different from any other kind of bet; and the like. The affiant is not required to set out such minute details in the affidavit for the warrant. Such a requirement does not comport with the principle set out in *People v. McGrain,* 38 Ill.2d 189, 230 N.E.2d 699, that verified complaints for warrants be approached in a common sense, realistic fashion.

■■ The reliability of the informer is also challenged by the defendant on the ground that the past successful employment of the informer by the affiant and also by his co-officers was stated as a basis for his reliability. The fact that the affiant relied in part upon the past successful employment of the informer by other members of the department of the Chicago Police Department does not render the warrant invalid. It would be incongruous to hold that a police officer may take the word of his fellow officers when engaged in a common investigation as grounds for a search warrant, and then to hold that he may not take their word as to the reliability of an informer successfully used by them in the past in related matters as a basis for the issuance of a warrant. (See *People v. McGrain,* 38 Ill.2d 189, 230 N.E.2d 699; *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed.2d 684, 85 S.Ct. 741.) As noted above, complaints for search warrants must be tested and interpreted in a common sense, realistic fashion, and the acceptance by an affiant of a fellow officer's word as to an informer's past successful employment by the latter in related matters comes within that approach. See *Dunn v. Municipal Court, Eureka Judicial District,* 34 Cal.Rptr. 251, 259-260, 220 Cal.App.2d 858.

For these reasons the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Judgment reversed, cause remanded with directions.

BURKE, P. J., and HALLETT, J., concur.